DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William L. Taylor, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 8.4(a)(b) and (c) of the Rules of Professional Conduct,[1] and Supreme Court Rule XIX, § 9(c).[2]
On November 23, 1994, respondent was arrested for driving while intoxicated |2(PWI), driving without headlights and improper lane usage. Before the charges were resolved, respondent was again arrested on May 16, 1995 for DWI, improper lane usage, driving a vehicle with a suspended driver’s license and operating a vehicle without proper insurance.
On September 26, 1995, respondent pleaded guilty to both DWI charges pursuant to a plea agreement in which the remaining charges were dismissed. He was sentenced to sixty days in parish jail for the November 1994 DWI charge, and to six months in jail, suspended, for the second charge. Respondent was also placed on two years of bench probation with special conditions of payment of a $225 fine, performance of community service, and attendance at a substance abuse clinic, driver improvement program and victim impact panel.
*239 After the filing of formal charges[3] on May-15, 1996, respondent failed to respond. The committee chair ordered the parties to file written arguments and documentary evidence on the issue of sanctions by January 7, 1997. When respondent failed to respond, the ODC submitted the bill of information and court minutes pertaining to the criminal charges. The ODC noted that respondent had no prior disciplinary record since being admitted to the practice of law in October 1973. Since no aggravating factors were present, the ODC recommended a public reprimand as an appropriate sanction.
The hearing committee concluded the evidence showed that respondent had a “substantial problem concerning the use of alcoholic beverages and perhaps other substances.” The committee stated it was concerned that respondent had not responded to the charges and, based on such, “seriously doubted” respondent complied with the terms of his criminal sentence. The committee found that 13respondent was currently ineligible to practice law for his failure to pay dues and for failure to meet his continuing legal education requirements. Moreover, it found the formal charges were proved by clear and convincing evidence. As such, the committee concluded respondent violated Rule 8.4(a)(b)(c), as well as Rule XIX, § 9(c) for his failure to comply with the order concerning his attendance at the hearing. Since the respondent failed to produce any evidence in mitigation of his actions and there was insufficient evidence to determine whether petitioner was competent to practice, the committee recommended there be an investigation of the respondent’s physical and mental conditions to determine whether he should be transferred to disability/inactive status pursuant to Rule XIX, § 22(C).
After the recommendation, the committee set another hearing date, but did not hold a formal hearing because respondent allegedly had moved to Alaska. The ODC introduced into the record the deposition testimony of respondent’s daughter, Tara Taylor, who testified she did not know the whereabouts of her father except that he had recently left a message with her that he was going to Alaska. She indicated the last time she had seen her father was when he was in a halfway house three to four months prior to her deposition. Later, he was ejected from the house and told her he did not know why. She stated her father had substantial problems stemming from the Vietnam War and a 1993 divorce, which caused him to drink excessively.
Upon reviewing Ms. Taylor’s deposition, the committee concluded that respondent had serious drinking problems and perhaps other emotional problems, and that his daughter “has given up hope for any immediate rehabilitation of her father.” Based on such, the committee recommended that respondent be given an “indefinite” suspension from the practice of law, with suggested conditions.
On review, the disciplinary board noted that “[t]he convictions are indicators Rof his problems and his failure to participate [in the instant disciplinary proceedings] are evidence that his condition persists.” The board recommended, in .order to protect the public, that respondent be placed on interim suspension, subject to possible reinstatement based upon an agreement to enroll in and sign a contract with the Lawyer’s Assistance Program. It further recommended that respondent show he is not suffering from any form of substance abuse, chemical dependency or any emotional or mental distress that will affect his ability to practice law.
Supreme Court Rule XIX, § 19B, subsections A and B, pertaining to interim suspension for threat of harm (as contrasted to Section 19 — -interim suspension following conviction of a crime and Section 19A — interim suspension for failure to pay child support), provide as follows:
A. Transmittal of Evidence. Upon receipt of sufficient evidence demonstrating that a lawyer subject to the disciplin *240 ary jurisdiction of this court has committed a violation of the Rules of Professional Conduct or is under a disability as herein defined and poses a substantial threat of serious harm to the public, disciplinary counsel shall:
(i) transmit the evidence to the court together with a proposed order for interim suspension; and
(ii) contemporaneously make a reasonable attempt to provide the lawyer with notice, which may include notice by telephone, that a proposed order for immediate interim suspension has been transmitted to the court.
B. Immediate Interim Suspension. Upon examination of the evidence transmitted to the court by disciplinary counsel and of rebuttal evidence, if any, which the lawyer has transmitted to the court prior to the court’s ruling, the court may enter an order immediately suspending the lawyer, pending final disposition of a disciplinary proceeding predicated upon the conduct causing the harm, or may order such other action as it deems appropriate. In the event the order is entered, the court may appoint a trustee pursuant to Section 27 to protect clients’ interests, (emphasis added).
*245 1. Private Reprimand, COPR 9464, 6/2/88; h
*240 In the typical disciplinary proceedings, the hearing committee and disciplinary board make recommendations for a penalty for disciplinary rule ^violations. Section 19B was clearly intended to be used primarily to suspend an attorney who constituted a present danger to the public only until hearings before the hearing committee and disciplinary board can be held and penalty for the formal charges can be imposed. However, the interim suspension of Section 19B appears to have been used by the disciplinary board in this case as the ultimate penalty for the underlying violations, subject to possible reinstatement.[4]
The disciplinary board was nevertheless correct that grounds for an interim suspension exist, since respondent at the time clearly posed a substantial threat of harm to the public if he attempted to practice law. However, the suspension should only last until respondent or someone on his behalf appears and either (1) requests a transfer to disability inactive status under Section 22B, or (2) produces proof that respondent should be transferred to disability inactive status under Section 22A because he was judicially declared incompetent or involuntarily committed, or (3) requests completion of the underlying disciplinary action.
Accordingly, it is ordered that respondent, William L. Taylor, be immediately suspended from the practice of law pursuant to Supreme Court Rule XIX, § 19B, subject to possible further proceedings.

 KIMBALL, J., not on panel, Rule IV, Part 2 § 3.

. Rule 8.4(a)(b) and (c) provides:
It is professional misconduct for a lawyer to:
(a) Violate the rules of professional conduct, knowingly assist or induce another to do so or to do so through the acts of another;
(b) Commit a criminal act, especially one that reflects adversely on the lawyer’s honestly, trustworthiness or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. Supreme Court Rule XIX, § 9(c) provides:
It shall be a ground for discipline for a lawyer to:
[W]illfully violate a valid order of the court or the board imposing discipline, willfully fail to appear before the board for admonition pursuant to Section 10(A)(5), or knowingly fail to respond to a lawful demand from a disciplinary authority, except that this rule does not require disclosure of information otherwise protected by applicable rules relating to confidentiality nor disclosure of information where the respondent urges a bona fine claim of privilege against testifying under the Constitution of the United States or of the State of Louisiana.

. Apparently, respondent was charged with violating Rule 8.4(b) of the Rules of Professional Conduct by committing a criminal act that reflects adversely on his fitness as a lawyer. Rule 8.4(a) and .(c) do not appear to be directly implicated by two DWI convictions, nor does Supreme Court Rule XIX, § 9(c).

. The hearing committee recognized the danger to the public, whether or not a reprimand or other sanction was ultimately imposed for the charged disciplinary violations. The committee first recommended an investigation to consider a transfer to disability inactive status and later (apparently when no current medical information was available) recommended an indefinite suspension. The disciplinary board corrected the characterization of this recommended action as an interim suspension for the protection of the public under § 19B.