*689 ATTORNEY DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Katherine L. Kennedy, a Metairie attorney licensed to practice law in the State of Louisiana.[1] The charges allege violations of Rules 1.3 (lack of due diligence), 1.4 (failure to comply with reasonable requests for information), 1.5(f)(3) (failure to refund advance costs), 1.15(b) (failure to refund and account for client funds), 1.16(d) (failure to protect client interests upon termination of representation) and 8.4(a) (violating the Rules of Professional Conduct) of the Rules of Professional Conduct, and Supreme Court Rule XIX, § 9(a) (violating the Rules of Professional Conduct), § 9(c) (knowing failure to respond to a lawful request from a disciplinary authority) and § 26(A) (failure to notify others of suspension), § 26(D) (failure to return client property), § 26(E) (failure to refund unearned fees) and § 26(H) (failure to file affidavit within 30 days of suspension showing compliance with Supreme Court order and rules).
When respondent could not be located, this court appointed a curator to act on relator’s behalf. Although the 12curator was unable to locate respondent,[2] he filed a general denial to the charges and requested a suspension of the proceedings until his client could assist in her own defense in light of the information obtained from the ODC regarding his client’s mental health status.
Subsequently, the hearing committee filed its report with the disciplinary board, recommending respondent be disbarred.
On March 26, 1998, the disciplinary board filed its recommendation with this court. The board agreed that respondent’s actions constituted serious misconduct which either caused or could have caused serious injury to her clients; however, the board noted respondent suffered from a “disabling psycho *690 logical condition.”[3] Accordingly, the board did not recommend a disciplinary sanction be imposed, but instead recommended respondent be transferred to disability inactive status pursuant to Supreme Court Rule XIX, § 22(C).
The ODC filed an objection in this court to the board’s recommendation.[4]
Initially, we note the disciplinary board’s recommendation in this matter was rendered prior to our decision in In re Taylor, 97-3220 (La.4/24/98), 710 So.2d 238. In that case, we concluded that an interim suspension pursuant to Supreme Court Rule XIX, § 19 B was appropriate in the case of an attorney charged with misconduct who appeared to suffer from an incapacity, but could not be located. However, we noted that such a suspension |sshould only last until the attorney, or someone on his behalf, appears and either (1) requests a transfer to disability inactive status under Supreme Court Rule XIX, § 22 B, or (2) produces proof that the attorney should be transferred to disability inactive status under § 22 A because he was judicially declared incompetent or involuntarily committed, or (3) requests completion of the underlying disciplinary action, or (4) requests some other relief without effect on the underlying disciplinary action.
The facts of the instant case are similar to Taylor. As in that case, respondent in the instant ease cannot be located. As the disciplinary board recognized, there is a substantial threat of harm to the public if respondent attempted to practice law. Thus, we conclude an interim suspension is appropriate based on the record.
Accordingly, it is ordered that respondent, Katherine L. Kennedy, be immediately placed on interim suspension pursuant to Supreme Court Rule XIX, § 19 B. However, the suspension should only last until respondent, or someone on her behalf, appears and either (1) requests a transfer to disability inactive status under Supreme Court Rule XIX, § 22 B, or (2) produces proof that respondent should be transferred to disability inactive status under § 22 A because she was judicially declared incompetent or involuntarily committed, or (3) requests completion of the underlying disciplinary action, or (4) requests some other relief without effect on the underlying disciplinary action.

 Kimball, J. not on panel. Rule IV, Part 2, § 3.

. Currently, respondent is suspended from practice in Louisiana for conduct unrelated to that involved in the instant proceedings. On January 12, 1996, respondent was suspended by this court for a period of one year and one day followed by an eighteen month supervised probationary period. In re Katherine Kennedy, 95-1455 (La. 1/12/96); 666 So.2d 284. The misconduct giving rise to the suspension involved neglect of legal matters, failure to refund unearned fees and unused advanced costs and commingling and converting succession funds. At issue in the proceedings, the respondent admitted to having a "disabling psychological condition” which impaired her ability to represent a client. Medical testimony was submitted evidencing respondent suffers from severe clinical depression impairing her ability to practice. Based on such, this court ordered as conditions to readmission. among others, that the respondent undergo a psychiatric evaluation and treatment at a minimum of one visit per month. To date, respondent has not sought readmission, nor satisfied her obligation to pay costs of her prior disciplinary proceedings.

. The curator testified at the formal hearing that he placed an ad in the Times-Picayune seeking information regarding the respondent's whereabouts. The ad ran for three consecutive days in late September, 1996. He stated he received an anonymous phone call stating the respondent lived at a certain address in New Orleans. Although he directed two letters to the address, one certified and one non-certified, the non-certified was never returned and the certified was returned unclaimed.

. As evidence of the mental disability, the board relied on deposition testimony of respondent and her treating psychiatrist’s statement from the pri- or disciplinary matter giving rise to the suspension.

. Ordinarily, the filing of an objection would require that the matter be set for oral argument pursuant to Supreme Court Rule XIX, § 11(G). However, due to the unusual procedural posture of this case, and the fact that no recommendation of discipline was actually made by the disciplinary board, we determined that oral argument was inappropriate.