DISCIPLINARY PROCEEDINGS
JiPER CURIAM.
Respondent, Katherine L. Kennedy, was formally charged with three counts of engaging in misconduct contrary to the Rules of Professional Conduct. In Count 1, the facts establish respondent failed to act with reasonable diligence and promptness in representing a client; failed to properly communicate with and keep informed a client; failed to promptly disburse funds entrusted by the client; failed to account for or return advanced costs; failed to place the client’s funds in a clearly identified trust account; and commingled and converted the client’s funds in violation of Rules 1.3, 1.4, 1.15(a)(b), 1.16(d), and 8.4(a)(b)(c) of the Rules of Professional Conduct and Louisiana Supreme Court Rule XIX, Section 28A(1).
In Count 2, the facts show respondent failed to cooperate in a disciplinary investigation and disobeyed an obligation under the rules of a tribunal in violation of Rules 3.4(c), 8.1(b)(c), and 8.4(a)(d)(g) of the Rules of Professional Conduct and Louisiana Supreme Court Rule XIX, Section 9(c).
In Count 3, the facts establish respondent failed to withdraw from the representation of a client where the respondent admitted having a disabling psychological condition which impaired her ability to represent the client and failed to take steps to protect the client’s interests in violation of Rules 1.1(a), and 1.16(a)(2), (d) of the Rules of Professional Conduct.
The Hearing Committee recommended that respondent be suspended from the practice of law for one year and one day to be deferred subject to certain conditions. The Disciplinary Board recommended that respondent be suspended 12from the practice of law for one year and one day with reinstatement allowed upon certain conditions.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the court that Katherine L. Kennedy be suspended from the practice of law for one year and one day, as recommended by the Board, from the finality of this decision, with reinstatement conditioned upon the following:
1. A psychiatric evaluation to determine whether Ms. Kennedy is capable of practicing law, and under what special conditions.
2. Eighteen (18) months of supervised probation, pursuant to the Appendix to Louisiana Supreme Court Rule XIX, Procedural Rules for Probation Monitors.
3. Continued psychiatric treatment as long as the psychotherapist deems necessary, with the frequency of visits determined by the psychotherapist. However, the visits are to occur at least once a month for the next year. The psychotherapist is to report to the Disciplinary Counsel any problems that occur during respondent’s treatment which might affect her ability to practice law.
4. Respondent shall make full restitution of all amounts being held on behalf of Mrs. Edna S. Gervais, plus legal interest, and any penalties assessed against the Succession of Harold Clifton Seymour. Respondent’s payment of full restitution and efforts to make restitution will be considered if respondent applies for readmission.
5. Full and complete cooperation with the Office of Disciplinary Counsel.
6. A final written report from respondent’s psychotherapist with regard to her ability to practice without a supervisor, within thirty (30) days prior to termination of the probationary period. This report shall be submitted to Disciplinary Counsel.
7. In the event of noncompliance with any of the terms of probation, the probation and practice monitor shall immediately notify the Office of Disciplinary Counsel. *285 Disciplinary Counsel shall have the authority, following whatever procedures it deems appropriate, to modify the terms of probation, or recommend to the Supreme Court that the probation be revoked.
All costs of this proceeding are assessed to respondent.
SUSPENSION ORDERED.
LEMMON, J., not on panel.