724 So.2d 198 (1998)
In re Barbara Ione BIVINS.
No. 98-B-2513
Supreme Court of Louisiana.
December 11, 1998.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This attorney disciplinary proceeding arises from three counts of formal charges instituted by the Office of Disciplinary Counsel ("ODC") against respondent, Barbara Ione Bivins, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of the Rules of Professional Conduct, specifically, Rules 1.3 (lack of due diligence), 1.4 (failing to comply with reasonable requests for information), 1.5(f)(6) (failing to protect fees in dispute), 1.16(d) (failure to properly terminate representation to protect client interests), 3.4(c) (disobedience of obligation under court rules), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.4(a) (violating the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

UNDERLYING FACTS

Count I
In January, 1995, Carolyn Yale retained respondent to file a divorce on her behalf, and paid respondent a fee of $1,500. Over one year later, respondent had not completed the divorce and property settlement, and had failed to return her client's telephone calls. Ultimately, Ms. Yale's husband filed his own suit for divorce, and a preliminary default was entered against Ms. Yale.[1]

Count II
In December, 1995, Timothy T. Koss retained respondent to represent him in connection with a child custody matter, and paid respondent a total of $8,000 in advance fees and expenses. Over the next year, Mr. Koss had difficulty contacting respondent. With a court date pending, Mr. Koss was forced to hire another attorney to complete his case. After being terminated, respondent failed to provide an accounting to Mr. Koss or refund the unearned portion of her fee.

Count III
Sometime in June of 1996, the record indicates respondent abandoned her law practice without notice to her clients, and failed to file a change of address notice with the Louisiana State Bar Association. The record also reveals that since October 1, 1996, respondent has been ineligible to practice law due to her failure to pay her bar dues.

*199 DISCIPLINARY PROCEEDINGS
After an investigation, the ODC filed formal charges against respondent. Since respondent had ceased her practice at her registered address and her present address was unknown, a curator was appointed to represent respondent in the disciplinary proceeding. The curator was unable to locate respondent and filed a general denial to the formal charges on her behalf.[2]
The hearing committee conducted a formal hearing. Drew Louviere, an attorney who shared office space with respondent, testified at the hearing. Mr. Louviere stated he last saw respondent in June 1996, when she advised him she was quitting her law practice. She then departed the office, leaving all of her client files and personal effects (all of which were still intact at the time of the board panel hearing) without making arrangements for notice to her clients or transfer of client files. He last spoke to respondent in October 1996, when she called and told him he could return files to clients who asked for them. Mr. Louviere testified to a marked change in respondent's demeanor and behavior beginning in the fall of 1995, which he described as "hitting the brick wall of life". He believed she suffered mental and/or emotional problems, and became increasingly reclusive and unable to function professionally, which ultimately led to the abandonment of her law practice.
At the conclusion of the formal hearing, the hearing committee filed its report with the disciplinary board. As to the first count relating to the representation of Ms. Yale, the committee concluded there was no evidence of lack of due diligence in respondent's representation of Ms. Yale, and found respondent consistently communicated with Ms. Yale until the complaint was filed. In light of the significant amount of work done on the case and the fact it became more complicated than anticipated, the committee found the respondent earned the $1,500 fee paid by Ms. Yale, but concluded respondent erred in failing to render an accounting upon request in violation of Rule 1.4. Lastly, the committee found no violation of Rule 1.16(d), failure to take reasonable steps to protect the client upon termination of representation. It reasoned the termination was initiated by Ms. Yale, there was no evidence that she ever requested her file from the respondent and the entire fee had been earned.
As to Count II involving Mr. Koss, the committee found there was insufficient evidence to determine whether respondent failed to act with due diligence since there was no evidence of the progress of the case or its status when Mr. Koss' successor attorney took it over. However, it stated Mr. Koss' uncontradicted testimony established he was unable to contact the respondent for at least a three month period, indicating a failure to communicate. The committee concluded Mr. Koss was entitled to an accounting and a refund of unearned fees.[3]
Finally, relying on the testimony of Mr. Louviere and the curator, the committee found the allegation that respondent abandoned her practice was proven. The committee concluded respondent failed to protect her clients' interests, although it noted the abandonment resulted from respondent's emotional and/or mental impairment.
Citing the ABA Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent's misconduct was suspension. As aggravating factors, it also recognized the presence of a pattern of misconduct and multiple offenses. In mitigation, the committee found respondent had no prior disciplinary record, no dishonest or selfish motive, and suffered from "personal or emotional problems and likely a mental disability, which were a direct *200 cause of her misconduct."[4] Considering all these factors, the hearing committee recommended a one year and one day suspension followed by an eighteen month probation with conditions upon reinstatement.[5]
Thereafter, the disciplinary board issued its recommendation to this court. The board distinguished the instant matter from In Re Taylor, 97-3220 (La.4/24/98), 710 So.2d 238, in which this court placed a respondent whose whereabouts were unknown on interim suspension with conditions rather than imposing discipline.[6] In contrast to Taylor, the board noted respondent in the instant matter had notice of at least some of the formal charges, since she had filed a response to count I. Additionally, it pointed out respondent's curator requested completion of the disciplinary process. Finally, it found there was no evidence respondent posed a substantial threat of harm to the public nor was there any proof that she was suffering from a disability that would warrant transfer to disability inactive status. Accordingly, the board concurred in the committee's recommendation that respondent be suspended from practice for one year and one day; however, it did not recommend the court adopt the reinstatement conditions suggested by the committee.
One board member filed a concurrence, stating he would have imposed the committee's conditions to reinstatement. He would also have added the condition that respondent successfully complete adequate continuing legal education prior to reinstatement.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.

DISCUSSION
The record supports the findings of fact made by the hearing committee that respondent failed to communicate with and refund an earned fee to Mr. Koss, failed to account to Ms. Yale and Mr. Koss and abandoned her law practice. The sanction recommended by the disciplinary board, a suspension from the practice of law for a period of one year and one day, is appropriate and is consistent with the prior jurisprudence.[7]
*201 Like the disciplinary board, we agree this matter is factually distinguishable from Taylor. Given the lack of any definitive proof in the record of any mental incapacity on the part of respondent, the interim suspension with conditions imposed in Taylor is not appropriate in this case. However, should respondent produce sufficient evidence that she is suffering from a mental incapacity, she may request a transfer to disability inactive status pursuant to Supreme Court Rule XIX, '24.

DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that respondent, Barbara Ione Bivins, be suspended from the practice of law for a period of one year and one day. All costs in this matter are assessed against respondent with legal interest to commence thirty days from the date of the finality of this court's judgment until paid.
NOTES
[*] Knoll, J. not on panel. Rule IV, Part II, § 3.
[1] As to the Yale matter, respondent submitted a copy of Ms. Yale's file and her time sheet records. Respondent stated she filed the divorce petition on her client's behalf. An attorney was appointed to represent Ms. Yale's absent husband, and the court ordered Ms. Yale to post $500 as security for this attorney's fees. Over the next seven months, respondent tried to get this amount reduced or rescinded without success. The parties agreed to an August 1995 court date to complete the divorce, but the judge was not present as scheduled. The parties eventually agreed to reduce it to $300, which was paid by respondent.
[2] The curator testified she was unable to locate respondent, by telephone or mail, at various addresses listed in her bar registration and local directories. Other testimony established that neither respondent's aunt nor a private investigator were able to determine respondent's whereabouts.
[3] While noting respondent earned some of the $7,500 fee, the committee found the record did not contain sufficient evidence to determine the exact amount earned. However, it found respondent clearly did not earn the entire fee, since the fee was intended to cover the hearing on permanent custody, which another attorney ultimately handled.
[4] The committee stated that the respondent's "impairment was so great that it resulted in her disappearance and absence in these proceedings; were she less impaired, so that medical evidence could be obtained from her, she would doubtless be the subject of a transfer to disability inactive status."
[5] The hearing committee recommended the following conditions to reinstatement:

1. A psychiatric evaluation to determine whether respondent is capable of practicing law, and under what special conditions, including psychiatric treatment and the reporting to Disciplinary Counsel of any problems during treatment which might affect her ability to practice;
2. Eighteen months of supervised probation, pursuant to Appendix to Louisiana Supreme Court Rule XIX, Procedural Rules for Probation Monitors;
3. A final written report from respondent's psychotherapist with regard to her ability to practice without a monitor, within thirty days prior to termination of the probationary period, to be submitted to ODC; and
4. A full accounting to Ms. Yale and Mr. Koss, restitution of any unearned portion of fees, and referral of any dispute to the Legal Fee Dispute Resolution Program of the LSBA.
[6] In Taylor, the disciplinary board recommended the respondent be placed on interim suspension, finding that since there was evidence the respondent was suffering from substance abuse and mental problems. In adopting this recommendation, we noted that the interim suspension procedure was primarily designed to suspend an attorney who constituted a present danger to the public only until hearings before the hearing committee and disciplinary board can be held and penalty for the formal charges can be imposed. However, we concluded the board reached the correct result in recommending an interim suspension under the facts presented:

The disciplinary board was nevertheless correct that grounds for an interim suspension exist, since respondent at the time clearly posed a substantial threat of harm to the public if he attempted to practice law. However, the suspension should only last until respondent or someone on his behalf appears and either (1) requests a transfer to disability inactive status under Section 22B, or (2) produces proof that respondent should be transferred to disability inactive status under Section 22A because he was judicially declared incompetent or involuntarily committed, or (3) requests completion of the underlying disciplinary action.
[7] In In re Kennedy, 95-1455 (La.1/12/96), 666 So.2d 284, an attorney suffering from a disabling psychological condition was charged with lack of diligence, failure to communicate, failure to account for or return unearned funds, conversion, failure to withdraw form representation and to protect the client's interests, failure to cooperate and disobeying a court-imposed obligation. This court ordered a suspension for one year and one day with reinstatement conditioned upon a psychiatric evaluation and treatment, and other conditions.