*88 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James Ashley Vaughan, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
On August 17, 1998, Rose M. Glenn filed a complaint with the ODC alleging that she retained respondent in late 1996 to handle a child support and community property matter. Ms. Glenn agreed to pay respondent $500 plus travel expenses. While respondent initially provided some legal services on his client’s behalf, he failed to complete the services for which he was paid in full. Ms. Glenn stated that respondent closed his office without prior notice to her when he joined the United States Marine Corps. Ms. Glenn claimed she wrote to respondent several times at his forwarding address in Virginia, but he failed to respond to her requests for information concerning the status of her case.
On October 19, 1998, respondent answered the complaint, stating he had joined the Marine Corps and was stationed at the time in Quantico, Virginia for basic training. Essentially, he denied any professional misconduct. While he did not specify the details of his actions, respondent alleged he earned the entire fee when he attempted to amicably resolve the domestic matters with counsel for Ms. Glenn’s | ^former husband. Respondent stated that when he realized the matter could not be resolved, he advised Ms. Glenn additional funds were necessary for him to file a petition to partition the community property. Respondent alleged he failed to take any further action on Ms. Glenn’s behalf since she failed to advance the necessary court costs. Subsequently, the ODC requested that respondent provide additional information. Specifically, it noted respondent conceded that he charged Ms. Glenn a flat fee of $500 to handle her case. Because the matter was not completed, the ODC opined respondent retained an unearned fee and, thus, sought an accounting from him regarding the funds. It further requested that he explain his actions regarding his failure to communicate with Ms. Glenn regarding the abandonment of her case. Respondent failed to respond to the supplemental requests for information.
DISCIPLINARY PROCEEDINGS

Formal Charges

On March 22, 1999, the ODC filed one count of formal charges against respondent, alleging his conduct violated Rules 1.2(a) (failure to act within scope of representation), 1.3 (lack of due diligence and promptness), 1.4 (failure to communicate with a client), 1.5(f)(6) (fee arrangements), 1.16(d) (improper termination of the representation), and 8.4(a) (violation of Rules of Professional Conduct) of the Rules of Professional Conduct. Respondent failed to file an answer to the charges, and the matter was considered only on documentary evidence.

Hearing Committee Recommendation

The hearing committee concluded respondent violated the professional rules as charged. The committee determined respondent’s actions were knowing and intentional as to the abandonment of his law practice and failure to communicate with LMs. Glenn. It found Ms. Glenn had been wrongfully deprived of her funds and that her legal proceedings had been needlessly delayed. While it proposed a suspension as an appropriate sanction, it failed to specify a term for the suspension. However, it apparently contemplated a period in excess of one year, because it proposed that reinstatement be contingent upon respondent’s submission of a complete ac *89 counting and full refund of the unearned portion of the fee to Ms. Glenn.

Disciplinary Board Recommendation

The disciplinary board adopted the findings of the hearing committee that respondent’s conduct was intentional and knowing, and caused significant injury to Ms. Glenn. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[1] and the presence of several aggravating and mitigating factors,[2] the board recommended respondent be suspended from the practice of law for a period of one year and one day, as well as assessed with all costs of these proceedings.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the findings of fact made by the hearing committee that respondent failed to communicate with Ms. Glenn and abandoned his law practice. [¿Therefore, the sole issue before us is the appropriate sanction, for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
The record indicates respondent’s actions were knowing and intentional, resulting in injury to his client. After considering the aggravating and mitigating factors, we conclude a suspension from the practice of law for a period of one year and one day is an appropriate sanction for respondent’s misconduct and is consistent with our prior jurisprudence. See In re: Bivins, 98-2513 (La.12/11/98), 724 So.2d 198 (attorney suspended for one year and one day followed by an eighteen month probation for neglect of client matters and abandonment of her law practice); In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236 (attorney suspended for one year and one day for failing to complete client’s legal work after being fully paid and abandoning his practice).
Accordingly, we will adopt the disciplinary board’s recommendation.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that James Ashley Vaughan be suspended from the practice of law in Louisiana for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme 15Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CALOGERO, C.J., dissents.
*90 •LEMMON, J., dissents in part and votes to suspend for one year.
JOHNSON, J., dissents.

. Standard 4.42 suggests suspension is generally appropriate when a lawyer abandons his practice and causes serious or potentially serious injury to a client. Standard 7.2 suggests suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

. While the board noted the presence of the sole mitigating factor of absence of a prior disciplinary record, it recognized the following aggravating factors: selfish motive, refusal to acknowledge the wrongful nature of the conduct, and vulnerability of the victim. Notably, the board did not adopt the aggravating factor of indifference to making restitution because in January 2000, after the hearing committee had rendered its findings, respondent mailed a $510 payment to the disciplinary board’s office for "costs of the proceeding and to fully reimburse Ms. Glenn.” At the time, respondent’s costs in the matter totaled $760.