.PER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Ian W. Taylor, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS

Morris Matter

In October 1997, Doris Morris paid respondent $500 to handle a property dis *1288 pute on her behalf. Respondent neglected the matter and failed to communicate with his client. In April 1998, in an effort to move the matter forward, Ms. Morris paid respondent an additional $150, to be used for filing fees. Nevertheless, respondent continued to neglect the matter and refused to communicate with his client. After Ms. Morris filed a complaint with the ODC concerning respondent’s handling of the matter, respondent refunded $500 in unearned legal fees to Ms. Morris.

Griffen Matter

Ms. Griffen retained respondent and his wife[1] to handle a succession matter and a claim against the City of New Orleans for property damage. Thereafter, respondent abruptly closed his law office. Several months later, respondent sent Ms. Griffen a letter, informing her that his law office had been closed and listing a contact address. IgAfter several attempts to reach respondent, Ms. Griffen was eventually contacted by respondent’s wife, who promised Ms. Griffen that her files would be returned and that she would receive a refund of the legal fees she had paid. When several months went by and Ms. Griffen had not received either her files or her fees, she filed a complaint against respondent with the ODC.

Lewis Matter

Trina Lewis paid respondent $500 to handle a bankruptcy matter on her behalf. Respondent neglected the matter and failed to communicate with his client, then abruptly closed his law office. After Ms. Lewis filed a complaint with the ODC concerning respondent’s handling of the matter, respondent refunded $500 in unearned legal fees to Ms. Lewis and returned her file.
DISCIPLINARY PROCEEDINGS
The ODC conducted an investigation into the complaints filed against respondent. However, prior to the institution of formal charges by the ODC, respondent filed a petition for consent discipline. In that petition, he admitted his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16 (failure to protect a client’s interests upon termination of the representation), and 3.2 (failure to make reasonable efforts to expedite litigation). For his misconduct, respondent proposed that he be suspended from the practice of law for one year, deferred, followed by one year of supervised probation with conditions.[2]
*1289 |3In a stipulation of facts submitted with the petition for consent discipline,[3] respondent set forth several mitigating factors. He stated that he experienced personal problems which caused him to close his law practice. He also suggested that he had no dishonest or selfish motive, and pointed out that he has made good faith efforts at restitution. In addition, respondent pointed out that he has fully cooperated with the ODC in its investigation. With respect to aggravating factors, respondent acknowledged his prior disciplinary record, which consists of a 1998 admonition.[4]
The ODC concurred in the petition. Pointing out that respondent’s misconduct chiefly involved delay of legal matters and a lack of communication, the ODC suggested that a deferred suspension with supervised probation is appropriate in light of the facts and circumstances of this case. In particular, the ODC noted that the abrupt closure of respondent’s law office was due to his personal problems, and that |4he is currently residing in Tennessee, where he is not practicing law. The ODC concurred in the mitigating factors cited by respondent, and suggested three additional aggravating factors, including multiple offenses, substantial experience in the practice of law (admitted 1990), and vulnerability of the victims. Concluding that the proposed sanction will deter future misconduct and protect the public, the ODC urged that the petition for consent discipline be accepted.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated duties owed to his clients, and that his actions were knowing, if not intentional. The board found respondent’s clients were injured due to his lack of diligence, failure to communicate, and failure to protect their interests upon closing his law firm. While the record does not provide details as to the outcome of the clients’ legal matters, the board suggested the matters were unnecessarily delayed because of respondent’s misconduct.
After reviewing the record, the board determined that one aggravating factor is present, namely respondent’s prior disciplinary record. The board agreed that respondent’s cooperative attitude toward the proceedings and his timely good faith efforts at restitution are mitigating factors. However, it refused to give any weight to the parties’ assertion that respondent’s personal problems and lack of dishonest or selfish motive should be considered in mitigation, citing a lack of support in the record for such a finding.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[5] and jurispru *1290 dence from this court,[6] the board concluded that probation is an appropriate Issanction in this case. In light of respondent’s full cooperation with the ODC’s investigation, the board suggested that the conditions of probation will adequately safeguard the public from any future harm caused by respondent. Therefore, the board found the proposed consent discipline is appropriate and recommended respondent be suspended from the practice of law for one year, deferred, followed by one year of supervised probation subject to the conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises -from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
|fiThe record reflects that on two occasions, respondent accepted fees to handle legal matters, but thereafter failed to diligently pursue the matters. Respondent also failed to communicate with his clients concerning their matters or to timely notify them that he was closing his law firm. While there is no evidence in the record concerning the outcome of the Morris or Lewis matters, respondent’s neglect of these matters and his failure to communicate with his clients may have negatively affected his clients’ rights. Additionally, although respondent may not have had primary responsibility for handhng Ms. Griffen’s file, he shared responsibihty for ensuring that her legal matter was properly handled and that the law firm maintained reasonable communication with her. Respondent’s conduct in these three matters is a clear violation of the professional rules and warrants discipline.
Nevertheless, we agree that a deferred period of suspension, followed by supervised probation, is appropriate under the facts of this case. Respondent is no longer practicing law and has moved away from Louisiana, so there is httle risk that he will *1291 cause any future harm to the public. Should he decide to resume his practice here in the future, he will be subject to the supervision of a probation monitor for a period of one year. Of course, in the event respondent fails to comply with the conditions of his probation, the court retains the right to revoke probation and to order respondent to serve the deferred period of suspension.
Based on these factors, we find the proposed consent discipline is appropriate under the circumstances. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Ian W. Taylor be suspended from |7the practice of law for one year. Said suspension shall be deferred, subject to a one-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
VICTORY, J., would reject.
TRAYLOR, J., would reject.
VICTORY, J., dissenting and would reject consent discipline.
TRAYLOR, J., dissents and would reject consent discipline.

. During the period of time at issue, respondent practiced law with his wife, who is also an attorney. Respondent’s wife was primarily responsible for handling Ms. Griffen's file.

. Respondent proposed the following conditions:
1. Respondent will respond to all reasonable requests of his probation monitor.
2. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the LSBA Loss Prevention Counsel and the Louisiana State Bar Association’s Practice Assistance Counsel in the creation of a proper law office management program.
3. Respondent shall remain current in the law during his period of probation by satisfying all annual MCLE requirements of the Louisiana State Bar Association in a timely fashion, pay all Louisiana State Bar Association bar dues, and pay all Louisiana Attorney Disciplinary Board disciplinary assessments imposed by the Louisiana Supreme Court.
4. Respondent will either return unearned fees or voluntarily participate in the Louisi *1289 ana State Bar Association Fee Resolution Program regarding fees charged for him.
5. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the period of suspension deferred.

. Although the ODC did not concur in the stipulation of facts submitted by respondent, it has not objected to the stipulation.

. The nature of the misconduct in the admonition matter (98-ADB-064) was not specified in the petition for consent discipline. However, according to the disciplinary board, respondent engaged the services of a clinical psychologist on behalf of two clients, but failed to honor his written guarantee that he would be responsible for payment of these services. For this misconduct, respondent was admonished for engaging in conduct prejudicial to the administration of justice.

.Standard 4.42 provides that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.

. The board cited In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87 (one year and one day suspension for an attorney who abandoned his law practice, neglected legal matters, failed to communicate with clients, failed to account for or return unearned legal fees, and failed to cooperate with the ODC in its investigation); In re: Bivins, 98-2513 (La.12/11/98), 724 So.2d 198 (one year and one day suspension for an attorney who abandoned her law practice, neglected legal matters, failed to communicate with clients, and failed to account for or return unearned legal fees); and In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236 (one year and one day suspension for an attorney who neglected a legal matter, failed to communicate with his client, engaged in conduct prejudicial to the administration of justice, and failed to cooperate with the ODC in its investigation). The board noted, however, that respondent's cooperation in the instant proceedings distinguishes this case from the cited cases and justifies the imposition of a lesser sanction than was imposed in those matters.