ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Pamela Viney Matthews, an *1130 attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In March, 1999, Brenda Eaton retained respondent to complete a partition of community property.[1] At that time, Ms. Eaton paid respondent an advance fee of $1,500. Ms. Eaton had no further contact with respondent until August, 2000, when she received a written request from respondent requesting payment of $36.30 in court costs. Ms. Eaton paid this amount to respondent, and respondent had the partition matter set for hearing on November 6, 2000.
Thereafter, Ms. Eaton made several attempts to contact respondent for information about the status of her case, but was unsuccessful.[2] . Respondent failed to appear for the November 6, 2000 hearing. On November 16, 2000, Ms. Eaton learned that respondent’s office telephone was disconnected and her office was closed.
|2On November 30, 2000, Ms. Eaton filed a complaint with the ODC. The ODC forwarded a copy of this complaint to respondent, but it was returned unclaimed. The ODC then personally served respondent with a subpoena compelling her to appear before the ODC for deposition. Respondent failed to appear.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges. The charges alleged respondent’s actions violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence); 1.4 (failure to communicate with client); 1.5(f)(6) (failure to refund unearned fee); 1.16(d) (failure to protect client interests upon termination of representation); 3.2 (failure to expedite litigation); 3.4 (failure to obey an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate in a disciplinary investigation); 8.4(a) (violation of Rules of Professional Conduct); 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(g) (failure to cooperate with the ODC).
Respondent failed to file an answer. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

Recommendation of the Hearing Committee

The hearing committee determined the ODC proved the formal charges by clear and convincing evidence. In determining an appropriate sanction, the committee looked to In re: Bivins, 98-2513 (La.12/11/98), 724 So.2d 198, in which this court suspended an attorney for one year and one day for failing to communicate, failing to account for and refund unearned fees and for abandoning her law practice. The committee determined that respondent’s conduct in the instant case was more ^detrimental to the interests of the client than the conduct at issue in Bivins and warranted a longer suspension. Accordingly, the committee recommended respondent be suspended from the practice of law for a period of eighteen months.

*1131
Recommendation of the Disciplinary Board

The disciplinary board determined the record supported the finding that respondent failed to use reasonable diligence, failed to communicate with Ms. Eaton, failed to appear at trial, failed to return an unearned fee or provide an accounting, failed to properly terminate her representation of Ms. Eaton and protect her interests and failed to cooperate with the ODC. However, the board found no evidence that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and therefore declined to find a violation of Rule 8.4(c).
Citing Standard 4.42(a), Standard 6.22 and Standard 7.2 of the ABA’s Standards for Imposing Latuyer Sanctions,[3] the disciplinary board found the baseline sanction for respondent’s misconduct was a suspension. As aggravating factors, it found respondent had a prior disciplinary history,[4] had committed multiple offenses and engaged in bad faith obstruction of the disciplinary process by intentionally failing to cooperate with the ODC. Additionally, it found respondent’s client was a vulnerable victim and that respondent had substantial experience in the practice of |4law, having been admitted to the bar in 1991. The board determined the record did not support any mitigating factors.
Like the committee, the board agreed that this case was more egregious than Bivins. In support, it noted the instant case involved additional misconduct, including failure to expedite litigation, failure to appear on the day of trial and failure to cooperate. Moreover, it pointed out that unlike Bivins, there were no mitigating factors in the instant case. Under these circumstances, the board recommended respondent be suspended from the practice of law for a period of eighteen months.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.1125/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our independent review, we conclude the findings of the hearing *1132 committee, as modified by the disciplinary board, are supported by the record. The undisputed evidence demonstrates that respondent failed to use reasonable diligence, failed to communicate with her client, failed to appear at trial, failed to return an | ¿unearned fee or provide an accounting, failed to properly terminate her representation of Ms. Eaton and protect her interests and failed to cooperate with the ODC.
Having found professional violations, we now turn to a determination of the appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct caused actual harm to her client by delaying her legal matter and possibly impairing her substantive rights.[5] Respondent’s failure to cooperate with the ODC caused harm to the legal system by requiring the ODC to expend additional time and resources to investigate this matter. The baseline sanction for this misconduct is a suspension.
Several aggravating factors are present, the most significant of which is respondent’s prior disciplinary history of two admonitions for strikingly similar conduct. We are unable to discern any mitigating factors from the record.
| ^Considering the facts, we conclude the eighteen-month suspension recommended by the disciplinary board is appropriate. Additionally, we will order respondent to make a full accounting to her client and refund any unearned fees.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Pamela Viney Mathews be suspended from the practice of law for a period of eighteen months. It is further ordered that respondent render a full accounting to her client and refund any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The partition of the acquets and gains had already been heard by the district court. Ms. Eaton's previous attorney had entered into a stipulation with Ms. Eaton’s former husband regarding several assets, including her former husband's retirement plan, which was conveyed to him in its entirety under the stipulation. After Ms. Eaton hired respondent, respondent filed pleadings asserting that Ms. Eaton was entitled to a share of the retirement benefits.

. Ms. Eaton made several appointments to speak with respondent, but respondent canceled each appointment.

. Standard 4.42(a) provides that suspension is appropriate when the lawyer knowingly fails to perform services for the client and causes injury or potential injury. Standard 6.22 provides suspension is appropriate when the lawyer violates a court order and causes injury or potential injury to a client. Standard 7.2 provides suspension is appropriate when the lawyer violates a professional duty and causes injury or potential injury to a client, the public or the legal system.

. Respondent has been admonished on two occasions for conduct similar to that in the instant case. In 00-ADB-002, she was admonished for lack of diligence, failure to expedite litigation and failure to cooperate with the ODC. In 97-ADB-043, she was admonished for failure to cooperate with the ODC. In addition, she has been ineligible to practice law since September 4, 2001, based on her failure to pay her bar dues and disciplinary assessment.

. On November 13, 2000, the trial court signed a judgment on the partition, which presumably was consistent with the parties' earlier stipulation. See note 1, supra. At some point, Ms. Eaton retained new counsel and filed a motion to re-set the November 6, 2000 hearing on the community property partition. In response, Ms. Eaton’s former husband filed an exception of res judicata, asserting that the matter had been resolved by the November 13, 2000 judgment. The record does not indicate the disposition of this exception.