|,WEIMER, Justice,
dissenting.
Respondent admits that he neglected his clients’ legal matters allowing them to pre *167 scribe or be dismissed, failed to communicate with his clients, engaged in conduct constituting a prohibited conflict of interest when he tried to settle his own malpractice, engaged in the unauthorized practice of law prior to his admission to the bar, and failed to cooperate with the ODC in its investigation of complaints regarding his conduct. These are serious acts of misconduct. While some may be attributed to inexperience, lack of organizational skills and lack of supervision, the record reflects that, overall, these significant acts of misconduct stem from respondent’s apparent indifference to the demands of a challenging civil practice and procrastination. Given the seriousness of the misconduct not only proved but admitted, I disagree with the majority’s decision to order a fully-deferred suspension and believe that some actual period of suspension should be imposed.
Admittedly, respondent had limited experience in the practice of law at the time of the misconduct, but not all of his misconduct can be attributed to the simple expedient of inexperience. In oral argument, respondent presents himself as an intelligent individual, nevertheless, he engaged in the unauthorized practice of law prior to his admission to the bar and, while doing so, allowed his client’s case to prescribe. Rather than acknowledge his error, he forwarded “restitution” to the client in the form of a check without any explanation for the payment or any acknowledgment that the |¡>case had prescribed. Such actions are inconsistent with common sense, common courtesy, and a basic sense of ethics and can hardly be excused by lack of experience. In addition, respondent’s conduct in failing to appear in court prompted not one, but two, complaints to the ODC from district judges. In one of those instances, respondent ignored a direct order from the judge to appear in court, resulting in the dismissal of his client’s case with prejudice.
Respondent’s conduct was not merely negligent, but in some instances, knowing, and resulted in injury to his clients whose cases were lost or jeopardized.[1] Such conduct cannot be easily excused. Nevertheless, respondent is to be applauded for his work for the Indigent Defender Program, which, by all accounts, has been diligent and exemplary. His commitment to an area of practice that is in need of good, competent attorneys is to be commended. His work in this arena, which demonstrates rehabilitation, serves to mitigate in favor of a less severe sanction than would otherwise be imposed. However, respondent’s success in the structured environment of the Indigent Defender Program does not change nor should this court ignore the serious ethical violations that have been established.
*168 Recognizing that the purpose of disciplinary procedures is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional ^conduct, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession, In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87, I believe that the goals of deterrence and preservation of the integrity of the legal profession can only be served if some period of actual suspension is imposed in this case. Respondent, as well as other members of the bar, must understand that the misconduct in which respondent engaged is serious and that such inappropriate behavior will not be countenanced by this court.
Therefore, for the reasons expressed herein, I respectfully dissent from the majority’s decision to impose a fully-deferred suspension and would adopt a recommendation similar to the hearing committee that respondent be suspended for a period of two years, with all but two months deferred,[2] subject to a two year period of probation with appropriate conditions. I agree with the majority’s approach that the respondent should not represent any clients in civil cases for a period of two years, as well as with the other probationary conditions.

. As the majority notes:
The hearing committee recognized .that respondent's actions were negligent in some cases, but were willful and intentional in others. It noted that he caused actual or potential injury to his clients insofar as he permitted their cases to prescribe or be dismissed.
As aggravating factors, the committee cited the pattern of misconduct and multiple offenses.
[[Image here]]
[The disciplinary board] determined his inactions were "generally knowing," causing injury to his clients and resulting in the dismissal of their cases. The board concluded his failure to communicate with his clients, failure to return his clients' files upon request and his misleading clients into believing that their claims were still pending delayed resolution of their legal matters. The board further concluded respondent’s failure to comply with the ODC’s requests for information caused unnecessary delays and the imposition of additional burdens.

. The hearing committee recommended a six-month period of actual suspension.