*619 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_J¿This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James L. Yates, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
FORMAL CHARGES
Count I — The Windham Matter
In January 1998, Kerry Windham and three other inmates were injured while being transported from Dixon Correctional Institute to Baton Rouge for medical treatment. In August 1998, respondent was hired to handle the four inmates’ personal *620 injury claims. Respondent filed suit on behalf of his clients in January 1999. Thereafter, respondent took no further action, and the case was dismissed. Despite receiving notice of the dismissal, respondent failed to take any remedial action or notify his clients of same.
In March 2003, Luther Windham, Kerry’s father, filed a complaint against respondent with the ODC, alleging that respondent failed to communicate with him or his son regarding the case. Despite receiving notice of the complaint via certified mail, respondent failed to provide a written response to the ODC, necessitating the issuance of a subpoena to obtain his sworn statement. During the July 24, 2003 sworn statement, respondent admitted that he had neglected his clients’ personal ^injury case. Respondent also admitted that he received the complaint filed against him and did not answer it. Respondent indicated that he was “not paying too much attention to these things like [he] used to.”
The ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Count II — The Thompson Matter
In June 1999, Annie Laura Thompson hired respondent to represent her in an appeal of an adverse judgment against her. Ms. Thompson paid respondent $2,000 to file the appeal, plus $150 in filing fees. Thereafter, Ms. Thompson felt that respondent was neglecting her ease and not communicating with her. In December 1999, she fired him before he completed and filed the appeal. Despite not completing and filing the appeal, respondent admitted that he did not refund any portion of the fee he was paid.[1] He also was only able to produce a small amount of work product and a few notes regarding Ms. Thompson’s case despite having possession of the file for some time.
The ODC alleged that respondent’s conduct violated Rule 1.16(d) (obligations upon termination of the representation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Following an investigation, the ODC filed two counts of formal charges against respondent. Respondent failed to answer or otherwise reply to the formal charges, 1 awhich were personally served upon him on March 23, 2004. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submission in response to the deemed admitted order, the hearing committee determined that respondent has been ineligible to practice law since 2002 for failing to pay bar dues and the disciplinary assessment.
As to the Windham matter, the committee stated the following:
*621 The Committee is constrained by the deemed admitted motion that the charges brought by ODC are to be considered by the Committee as “admitted.” However, the Committee notes that Mr. Yates’ response (in the record) indicates that, in fact, he did some work on the matter, attempted to locate his incarcerated client and eventually determined that the matter had little, if any, validity.
With respect to the Thompson matter, the committee stated the following:
The complaint filed by Annie Thompson against Mr. Yates lists a number of charges. Mr. Yates’ comprehensive response correspondence effectively rebuts virtually all of Ms. Thompson’s accusations. It appears that Mr. Yates was faced with a very difficult task and a demanding client; eventually, he was terminated. However, it appears that he had obtained an extension of time to file the appellate brief and, in fact, Ms. Thompson did so pro se. The record does not reflect whether Ms. Thompson was successful with her appeal.
Again, the Committee is constrained by the deemed admitted motion; in fact, Mr. Yates admits that he refunded no portion of the fee that he was paid by Ms. Thompson to prepare the appellate brief....
| ¿¿Regarding respondent’s lack of cooperation with the ODC, the committee made the following determinations:
As evidenced by the “deemed admitted” motion, Mr. Yates failed to timely respond when served with these complaints. Nevertheless, it does appear that he eventually responded both in letter form and by providing sworn deposition testimony. Further, Mr. Yates advised ODC that he had ceased the active practice of law by mid-2002. He had failed to obtain mandatory CLE and had not paid his Bar and disciplinary dues. ODC presented no evidence that Mr. Yates was, in fact, continuing to practice law after being suspended due to these unrelated events.
The committee determined, based on the deemed admitted order, that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Furthermore, based on the deemed admitted order, the committee determined that respondent violated duties owed to his clients and the disciplinary system. He acted negligently with regard to the Wind-ham matter and in failing to refund unearned fees in the Thompson matter. The committee further determined that neither complainant suffered any harm and the legal community did not suffer serious harm.
The committee found no aggravating factors are present. As to mitigating factors, the committee found the following present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems,[2] full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
Based on these findings, and because respondent has stopped practicing law for other reasons, the committee concluded that a period of suspension is “inappropriate and of little or no use in this situation.” Rather, the committee | ^recommended that if respondent reapplies to practice law, (1) he be required to obtain an additional two hours of continuing legal education in both Ethics and Professionalism prior to being *622 reinstated, (2) he be placed on probation for one year from the date of his reinstatement, and (3) he repay Ms. Thompson all amounts she paid him for the preparation of the appellate brief.
One member of the committee disagreed that the sanction issue is moot and would recommend a three-month suspension, fully deferred, subject to the other conditions set forth in the committee’s'report.
The ODC objected to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the hearing committee made several errors in its factual findings. The board made the following factual findings:
1. The deemed admitted facts show Ms. Thompson paid respondent $2,000;
2. Respondent’s sworn statement does not establish by ■ clear and ■ convincing evidence that he worked on the Wind-ham matter, attempted to locate his incarcerated client, and eventually determined that the matter had little validity. Respondent did not produce evidence of his work and admitted that he could not locate the file;
3. both Mr. Windham and Ms. Thompson were harmed by respondent’s conduct. Mr. Windham’s lawsuit was dismissed because of inaction, and Ms. Thompson never received a refund of the unearned fees and filed her appeal herself;
4. Respondent did not file a written response to Mr. Windham’s complaint. Therefore, the ODC had to subpoena him to give a sworn statement. Although ^respondent appeared and gave his sworn statement, this added an unnecessary delay and expense to this proceeding.
The board determined that the committee correctly determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. After filing the initial petition, respondent took no significant action in Mr. Windham’s case, which led to the suit being dismissed. Furthermore, respondent did not take any remedial action after receiving notice of the dismissal, nor did he notify Mr. Wind-ham of such. Respondent also admitted that he did not respond in writing to Mr. Windham’s complaint filed with the ODC. Finally, respondent admitted that he did not refund any of the $2,000 fee he received from Ms. Thompson. He did not provide her with an accounting or return the unearned portion of the fee. He also was only able to produce a small amount of work product for her appeal.
The board found that respondent violated duties owed to his clients and as a professional. His conduct was knowing, if not intentional, and caused harm to his clients. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction to be a period of suspension.
The aggravating factor of substantial experience in the practice of law (admitted 1989) is present. The board agreed that the mitigating factors present are absence of a prior disciplinary record, absence of a dishonest or selfish motive, and personal or emotional problems (due to the death of respondent’s mother in 2002; however, this relates only to his failure to cooperate with the ODC in its investigation). The board found the hearing committee erred in finding the following mitigating factors are present: full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
| ./Considering this court’s prior jurispru *623 dence,[3] the board recommended that respondent be suspended from the practice of law for six months, followed by one year of supervised probation. The board also recommended that respondent attend the Louisiana State Bar Association’s Ethics School, provide an accounting to Ms. Thompson, and return any unearned fees to Ms. Thompson. Finally, the board recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted, LHowever, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts establish that respondent neglected Mr. Wind-ham’s legal matter, allowing the case to be dismissed. He also failed to inform his client of the dismissal or take remedial action. Furthermore, respondent failed to cooperate with the ODC in its investigation of the Windham matter, making it necessary for the ODC to subpoena him to obtain his response to the complaint. In the Thompson matter, respondent accepted $2,000 from his client to file her appeal. He was fired before he filed the appeal, yet he failed to refund the unearned fee. The record supports a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Having found this professional misconduct, the sole issue presented for our consideration is the appropriate sanction.
*624 In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to his clients and as a professional. He acted knowingly, causing actual harm to both Mr. Windham and Ms. Thompson. Under the 1 3-ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction for respondent’s misconduct is suspension.
Aggravating factors supported by the record are multiple offenses, substantial experience in the practice of law, and indifference to making restitution. The record supports the mitigating factors found by the board, namely the absence of a prior disciplinary record, absence of a dishonest or selfish motive, and personal or emotional problems stemming from the death of respondent’s mother in 2002.[4]
Our prior jurisprudence reveals that the sanction for misconduct similar to respondent’s is a period of suspension in the range of six to eighteen months.[5] The sanction recommended by the board in this case is within this range, albeit on the lower end, but is appropriate considering the mitigating factors present. Accordingly, we will accept the board’s recommendation and suspend respondent for six months, followed by one year of supervised probation. Respondent shall also attend the Louisiana State Bar Association’s Ethics School, provide an accounting to Ms. Thompson, and return the entire $2,000 fee to Ms. Thompson.
ImDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James L. Yates, Louisiana Bar Roll number 19841, be and he hereby is suspended from the practice of law for a period of six months. Following his suspension, respondent shall be placed on supervised probation for a peri *625 od of one year. It is further ordered that respondent shall attend the Louisiana State Bar Association’s Ethics School, provide an accounting to Ms. Thompson, and make restitution to Ms. Thompson in the amount of $2,000.
All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The fee agreement between respondent and Ms. Thompson indicated that $1,000 of the $2,000 fee would be kept in respondent's trust account to be paid out when the appeal was filed. Nevertheless, in a May 22, 2002 sworn statement, responded indicated that he had "more than earned the $2,000 fee” by doing research and looking over Ms. Thompson's case.

. In his July 24, 2003 sworn statement, respondent indicated he had stopped practicing law in mid-2002 after his mother passed away. Presumably, respondent's mother's death is the personal or emotional problems to which the committee is referring.

. The board cited In re: Colwart, 98-2303 (La. 11/6/98), 721 So.2d 848 (six-month suspension imposed upon an attorney with a prior disciplinary record who neglected a legal matter, failed to communicate with a client, failed to refund an unearned fee, and failed to cooperate with the ODC in its investigation); In re: Jackson, 02-2764 (La.4/9/03), 842 So.2d 359 (six-month suspension, with three months deferred, followed by one year of probation with conditions, imposed upon an attorney who neglected a legal matter, causing the claim to prescribe, failed to communicate with a client, and had a prior admonition for similar misconduct); In re: Fa-zande, 03-2210 (La.1/21/04), 864 So.2d 174 (six-month suspension, with three months deferred, followed by one year of unsupervised probation, imposed upon an attorney with a prior disciplinary record who neglected two legal matters and failed to communicate with two clients); and In re: Pepper, 01-2119 (La.7/2/04), 876 So.2d 772 (six-month suspension, with all but one month deferred, followed by one year of probation, imposed upon an attorney with a prior disciplinary record who negligently failed to communicate with two clients and failed to return an unearned fee to one client).

. As the board properly noted, the death of respondent's mother mitigates his failure to cooperate with the ODC in its investigation, but has no relation to the underlying misconduct.

. See In re: Renfroe, 01-1947 (La.11/9/01), 800 So.2d 371 (six-month suspension, fully deferred, subject to restitution, for knowingly and intentionally neglecting a legal matter, failing to communicate with a client, failing to account for and refund an unearned fee, and failing to cooperate with the ODC in its investigation); In re: Holley, 01-1876 (La.10/5/01), 797 So.2d 46 (six-month suspension, with all but sixty days deferred, followed by one year of probation with conditions, including restitution, for neglecting three legal matters, failing to refund an unearned fee, and failing to cooperate with the ODC in three separate investigations); In re: Thornton, 04-0488 (La.7/2/04), 876 So.2d 781 (one year and one day suspension for knowingly neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC in three separate investigations); In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620 (one year and one day suspension and restitution for neglecting a legal matter, failing to communicate with a client, failing to refund an unearned fee, failing to return a client's file, and failing to cooperate with the ODC in two separate investigations); and In re: Mathews, 02-1377 (La.9/20/02), 827 So.2d 1129 (eighteen-month suspension and restitution for neglecting a legal matter, failing to communicate with a client, failing to refund an unearned fee, failing to properly terminate a representation, and failing to cooperate with the ODC in its investigation).