842 So.2d 359 (2003)
In re Darryl JACKSON.
No. 2002-B-2764.
Supreme Court of Louisiana.
April 9, 2003.
Charles B. Plattsmier, Eric K. Barefield, New Orleans, for Applicant.
Darryl Jackson, New Orleans, for Respondent.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This attorney disciplinary proceeding arises from one count of formal charges *360 filed by the Office of Disciplinary Counsel ("ODC") against respondent, Darryl Jackson, an attorney licensed to practice law in the State of Louisiana.

UNDERLYING FACTS
Lee Morris Brown, a Texas resident, retained a Louisiana attorney to institute medical malpractice proceedings in Louisiana arising from the death of his mother. After the matter proceeded through the medical review panel, Mr. Brown's attorney sent him a letter in March, 1997 indicating he would not pursue the case further. He informed Mr. Brown he had until June 17, 1997 to file his claim in the district court, or his rights would be barred forever.
Several days after receiving this letter, Mr. Brown contacted respondent by telephone. Respondent told Mr. Brown to forward the documentation he had and respondent would take a look at it "when he got a chance." On April 16, 1997, Mr. Brown mailed his mother's medical records to respondent. Thereafter, respondent and Mr. Brown communicated by telephone on several occasions, although it is disputed whether they discussed the approaching prescription deadline of June 17, 1997. While Mr. Brown later testified that he made several calls to respondent as the deadline approached,[1] respondent maintains Mr. Brown did not notify him of the deadline until the day it ran, June 17, 1997. Respondent informed Mr. Brown he could not file the suit on that day because he was out of town. However, respondent later filed the suit after the deadline had passed. Although respondent stated he knew the suit was prescribed, he indicated he filed it at the insistence of Mr. Brown. The suit was eventually dismissed as being prescribed.
In August, 1999, approximately two years following the dismissal of the malpractice case, Mr. Brown filed the instant disciplinary complaint. During the course of the ODC's investigation, respondent gave a statement in which he denied Mr. Brown had ever been his client.

DISCIPLINARY PROCEEDINGS

Formal Charges
Following its investigation, the ODC filed one count of formal charges against respondent. The charges alleged respondent violated Rule 1.3 (lack of diligence) of the Rules of Professional Conduct based on respondent's failure to properly review the medical materials forwarded to him by Mr. Brown, as well as his failure to expedite the legal matter and failure to timely file the petition. The charges also asserted respondent violated Rule 1.4 (failure to communicate) of the Rules of Professional Conduct insofar as he failed to keep Mr. Brown aware of the status of the case.
Respondent filed an answer generally denying the allegations of misconduct.

Recommendation of the Hearing Committee
The hearing committee conducted a formal hearing. At the hearing, it received testimony from Mr. Brown and respondent, as well as documentary evidence.
Following a formal hearing, the hearing committee determined the ODC proved by clear and convincing evidence that an attorney-client *361 relationship existed between respondent and Mr. Brown. It determined Mr. Brown was credible when he testified that he reasonably believed respondent was acting as his attorney in light of their numerous telephone discussions and respondent's representation that he would review the forwarded medical records.
Having found respondent was acting as Mr. Brown's attorney, the committee concluded respondent violated Rules 1.3 and 1.4 by failing to ascertain the applicable prescriptive period and failing to advise Mr. Brown when the filing period expired. Particularly, the committee stated:
This is precisely the type of advice that clients look to attorneys to provide, and respondent failed to provide this advice even though respondent was aware that the case had already been dismissed once because the matter had not been referred to the Medical Review Panel. In our view, respondent should have determined whether the matter was ever brought before a Medical Review Panel, if so, when the ruling was issued, and how long Complainant had to file suit after the ruling was issued. Moreover, respondent failed to review documents provided by Complainant in a timely fashion, and failed to advise Complainant in a timely fashion concerning the applicable prescriptive period. In addition, if respondent did not wish to represent Complainant for any reason, he had an obligation to advise him of this promptly after receiving the medical records.
As a sanction, the committee recommended that respondent be suspended from the practice of law for a period of three months, fully deferred, subject to completion of the Louisiana State Bar Association's Ethics School program. The ODC filed an objection to the leniency of the proposed recommendation.

Recommendation of the Disciplinary Board
The disciplinary board concurred in the committee's findings of fact that the ODC proved by clear and convincing evidence respondent violated Rules 1.3 and 1.4., noting "[r]espondent failed to grasp the significance of being an attorney and being asked by a layperson to review his claim for malpractice." It concluded respondent's actions resulted in irreparable harm to Mr. Brown, by depriving him of his day in court on the malpractice claim.
As a mitigating factor, the board recognized the delay in the disciplinary proceedings, as Mr. Brown waited two years before filing his complaint. As aggravating factors, the board recognized respondent's substantial experience in the practice of law,[2] refusal to acknowledge the wrongful nature of his conduct and pattern of misconduct during the same time period as the instant misconduct.[3] Considering all these factors, the board recommended that respondent be suspended from the practice of law for a period of three months and be required to complete the Louisiana State Bar Association's Ethics School program.
*362 Both respondent and the ODC filed an objection to the board's findings and recommendation. Accordingly, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the factual finding of the hearing committee. While respondent disputes an attorney-client relationship existed between him and Mr. Brown, the hearing committee determined Mr. Brown was credible when he testified he believed respondent was his attorney. It is well-settled that the existence of attorney-client relationship turns largely on the client's subjective belief that it exists. Louisiana State Bar Association v. Bosworth, 481 So.2d 567 (La.1986). Based on our review of the record, we cannot say the hearing committee was clearly wrong in finding Mr. Brown had a subjective belief respondent was his attorney.
Respondent next contends that even assuming he was Mr. Brown's attorney, he was not at fault for failing to file the suit timely because Mr. Brown never clearly informed him of the approaching prescription date. This argument is so specious, it scarcely merits discussion. Accepting, for sake of argument, respondent's assertion that he was never advised by Mr. Brown of the approaching prescription date, it is abundantly clear that this is of no moment. A layperson hires an attorney in order to have the benefit of the attorney's skills, which includes the attorney's ability to determine when the claim must be filed. The attorney's responsibility is to analyze the appropriate information supplied by the client and make an independent determination of when the claim must be filed. Respondent's failure to do so is unquestionably a violation of Rules 1.3 and 1.4.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondent's actions resulted in actual injury to Mr. Brown, causing him to lose his right to assert his claims in the underlying litigation. While an isolated instance of such harm might be ordinarily addressed in a legal malpractice action rather than by disciplinary proceeding, respondent's 1999 admonition by the disciplinary board for strikingly similar *363 conduct gives us cause for concern that respondent fails to grasp his fundamental responsibilities as a lawyer. Under these circumstances, we believe an actual period of suspension is warranted to impress upon respondent that this court will not tolerate disregard by an attorney of the interests of his client. Accordingly, we will suspend respondent from the practice of law for six months, three months of which shall be deferred. Following the active portion of his suspension, respondent shall be placed on probation for a period of one year, subject to the requirement that he successfully complete the Louisiana State Bar Association's Ethics School program. Any misconduct by respondent during the period of probation shall be grounds for imposition of the deferred portion of the suspension, or additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Darryl Jackson be suspended from the practice of law for a period of six months, three months of which shall be deferred. Following the active portion of his suspension, respondent shall be placed on probation for a period of one year, subject to the requirement that he successfully complete the Louisiana State Bar Association's Ethics School program. Any misconduct by respondent during the period of probation shall be grounds for imposition of the deferred portion of the suspension, or additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Mr. Brown's telephone records indicate he made calls to respondent on one occasion both on June 11 and June 12, and twice on June 13. He called respondent six times on June 16. Finally, on June 17, the date the delay for filing expired, Mr. Brown attempted to contact respondent on three occasions. According to the telephone records, these calls were each one minute long, indicating Mr. Brown either left a message or was paging respondent.
[2] Respondent was admitted to the practice of law for seven years at the time of his misconduct.
[3] Respondent was admonished by the disciplinary board in May, 1999 based on misconduct which occurred in 1997. In that case, respondent filed suit after the prescriptive period had run. Respondent was ultimately able to obtain a settlement for his client, but failed to inform her that her claim was prescribed. Because this misconduct occurred at approximately the same time as the instant misconduct, the board followed our opinion in In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058, and declined to consider it as prior discipline.