*274 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Darryl Jackson, an attorney licensed to practice law in Louisiana but currently on interim suspension based on his conviction of a serious crime. In re: Jackson, 06-2745 (La.12/6/06), 943 So.2d 371.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1990. In May 1999, he received an admonition for failing to inform a client to seek independent counsel regarding his possible malpractice and acceptance of a nuisance value settlement after he failed to timely file her lawsuit. In April 2003, this court suspended respondent from the practice of law for six months, with three months deferred, followed by one year of probation with the condition that he complete the Louisiana State Bar Association’s Ethics School, after he failed to timely file a client’s lawsuit and failed to keep the client informed of the status of his case. In re: Jackson, 02-2764 (La.4/9/03), 842 So.2d 359.
As stated above, respondent is currently on interim suspension based on his conviction of a serious crime, which misconduct is at issue in the present proceeding.
| ¡UNDERLYING FACTS
As an Assistant City Attorney for the City of New Orleans assigned to traffic court, respondent’s duties included prosecuting DWI (driving while intoxicated) cases. Nevertheless, in November 2001, respondent accepted $500 to represent a criminal client charged with DWI in traffic court.[1] Prior to the client’s arraignment and in his capacity as an Assistant City Attorney, respondent entered a nolle pro-sequi in the case, effectively dismissing the charges against his client.
Based on these facts, respondent was indicted by an Orleans Parish grand jury on one count of malfeasance in office, a felony, in violation of La. R.S. 14:134. The indictment alleged that, while respondent was employed as an Assistant City Attorney for the City of New Orleans, he offered to assist in the fixing of tickets and fixed tickets in traffic court in exchange for compensation.[2]
On August 23, 2006, respondent waived his right to a jury trial and was tried before Judge Arthur Hunter, who found respondent guilty as charged. On May 25, 2007, Judge Hunter sentenced respondent *275 to serve eighteen months in prison. Judge Hunter suspended the sentence, placed respondent on probation for eighteen months, and imposed various fines and fees. On June 18, 2008, the Louisiana Fourth Circuit Court of Appeal affirmed respondent’s conviction and sentence. State v. Jackson, 07-1343 (La.App. 4 Cir. 6/18/08), 987 So.2d 851.
| .^¡Respondent filed a motion to expunge his criminal record, which was set for hearing on October 22, 2008. The record is unclear as to whether the motion was granted.
DISCIPLINARY PROCEEDINGS
In February 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. Respondent answered the formal charges, arguing that the trial court “erred egregiously” in finding him guilty.

Hearing Committee Report

This matter proceeded to a formal hearing, conducted by the hearing committee on October 21, 2008.
After reviewing the testimony and the evidence presented at the hearing, the hearing committee made the following factual findings:
Respondent was convicted of the crime of malfeasance in office. While employed as an Assistant City Attorney for the City of New Orleans, respondent offered to and did dismiss one traffic ticket in traffic court, in return for compensation. He was sentenced to eighteen months in prison, which sentence was suspended, and he was placed on probation for eighteen months. He was also required to pay a $1,000 fine. The Louisiana Fourth Circuit Court of Appeal affirmed respondent’s conviction and sentence.
|4Based on these facts, the committee determined that respondent violated Rule 8.4 of the Rules of Professional Conduct. The committee further found that La. R.S. 14:134 is a felony and a “serious crime” as defined in Supreme Court Rule XIX, § 19(D). Therefore, respondent has been convicted of a serious crime that warrants discipline.
The committee determined that respondent violated duties owed to his client, the public, the legal system, and the legal profession. He acted intentionally and caused significant actual injury. The committee determined that respondent abused the authority placed in him in a position of public trust. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment.
The committee found the following aggravating factors present: prior disciplinary offenses, a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1990), and illegal conduct. The committee found the following mitigating factor present: character or reputation[3] and the imposition of other penalties or sanctions.
Although the committee found that respondent’s misconduct falls within the scope of the permanent disbarment guidelines, the committee also determined that *276 his testimony regarding his character militates in favor of imposing a sanction less than permanent disbarment. As such, the committee recommended that respondent be disbarred.
|sThe ODC filed an objection to the hearing committee’s recommendation based solely on the committee’s failure to recommend permanent disbarment.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. Moreover, the committee’s determination that respondent violated Rule 8.4(d) of the Rules of Professional Conduct is correct.
The board adopted the committee’s findings with respect to duties violated, respondent’s mental state, harm caused, and aggravating and mitigating factors. The board also determined that the committee correctly found the baseline sanction to be disbarment.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990).6 The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
In August 2006, respondent was convicted of malfeasance in office, which is a felony. In June 2008, the Louisiana Fourth Circuit Court of Appeal affirmed respondent’s conviction. Therefore, his conviction is now final. Based on these facts, respondent has violated Rule 8.4(b) of the Rules of Professional Conduct as charged by the ODC.
Respondent’s testimony at the formal hearing indicates that he acted intentionally. He violated duties owed to the public, the legal system, and the legal profession, causing actual harm to the legal system and the legal profession and potentially serious harm to the public. Standards 5.11(a) and 5.21 of the ABA’s Standards for Imposing Lawyer Sanctions apply in this matter and establish disbarment as the baseline sanction. Standard 5.11(a) states in pertinent part that disbarment is appropriate when “a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft ...” Standard 5.21 states in pertinent part that “[disbarment is generally appropriate when a lawyer in an official or governmental position knowingly misuses the position with the intent to obtain a significant benefit or advantage for himself or another ...” Respondent’s conduct fits squarely within these Standards and reflects poorly on his honesty, trustworthiness, and integrity. Among the aggravating factors present is *277 respondent’s absolute refusal to acknowledge the wrongful nature of his conduct.
|7Under these circumstances, we find a downward departure from the baseline sanction is not warranted. Therefore, the only remaining question is whether respondent’s conduct is so egregious as to warrant permanent disbarment.
Guidelines 2 and 7 of the permanent disbarment guidelines provide as follows:
GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
GUIDELINE 7. Malfeasance in office which results in a felony conviction, and which involves fraud.
Respondent fraudulently used his position as an Assistant City Attorney to dismiss DWI charges against his own client. In doing so, respondent intentionally interfered with the administration of justice and misused his governmental position to obtain a significant benefit for his client. We find this conduct amounts to intentional corruption of the judicial process. This conduct led to respondent’s conviction of malfeasance in office, which is a felony.
The case of In re: Burks, 07-0687 (La.8/31/07), 964 So.2d 298, involves similar misconduct. In Burks, an Assistant City Attorney for the City of New Orleans assigned to prosecute cases in traffic court accepted $1,000 to nolle prosequi several traffic citations for an undercover FBI agent posing as a taxi drive. The attorney eventually pled guilty to a felony in federal court. We permanently disbarred the attorney under Guidelines 2 and 7.
As in Burks, we find Guidelines 2 and 7 apply here. Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of 18Parryl Jackson, Louisiana Bar Roll number 20233, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. A breathalyzer test was administered on the client following his involvement in an automobile accident. The result of the breathalyzer test was .119, which was over the legal limit for intoxication.

. Respondent did not testify at his criminal trial. However, at the formal hearing of this matter, respondent testified as follows:
... I wanted to state why I dismissed [the DWI case]. You know, I dismissed it. But I’ve never told any tribunal, but this one, that. Did I take any money is the crime? I say all that to say a City Attorney can do whatever they want to with a case, at any time. Pure and simple. Yeah, I dismissed it. It was my church member. Did I take $500.00 for it? No. It’s never been proven. The NOPD said that they had no proof of that.

. Respondent testified about his career as a military officer, stating that he joined the Army reserve in 1995 and joined the Air Force Reserve in 1997, where he continues to serve. Respondent also testified that he is a Judge Advocate General, was an adjunct professor at Southern University in New Orleans for twelve years, and taught paralegal school at Phillips in New Orleans.